IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN DOE, *by and through Next Friend*
MOTHER DOE,

Plaintiff,

v.

JAMILA JONES,

JOHN OR JANE DOE #1,

and

JOHN OR JANE DOE #2,

Defendants.

Cause No.  2:26-CV-647

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW Plaintiff John Doe (hereinafter "Plaintiff"), by and through his Next Friend, Mother Doe and his attorneys at O'Brien Law Firm, P.C., and for his Complaint, states:

**PRELIMINARY STATEMENT**

1.      Plaintiff, a minor, was harassed, abused and sexually assaulted by Youth Worker Jamila Jones while he was compelled to reside at the Missouri Hills Youth Center ("MHYC") by the State of Missouri.  Upon information and belief, Defendant Jones preyed upon numerous young boys at MHYC.  Officials at MHYC knew or should have known she was sexually assaulting Plaintiff and/or other youths and did nothing to stop her. Plaintiff has suffered severe emotional trauma due to the actions of all Defendants.

1

2.      Plaintiff brings this action pursuant to 42 U.S.C §1983, seeking compensatory damages and punitive damages against all Defendants for violations of his constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court is properly invoked pursuant to federal question jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory provisions.

4.      Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in St. Louis County, Missouri, which is located in the Eastern District of Missouri.

## PARTIES

6.      Plaintiff is a minor who resides in St. Louis City, Missouri. At all relevant times, the State of Missouri was compelling Plaintiff to reside at MHYC, a facility owned and/or operated by the State of Missouri Division of Youth Services.

7.      Defendant Jamila Jones (hereinafter "Jones" or "Defendant Jones") was at all relevant times a youth worker at MHYC. It is unknown to Plaintiff whether Defendant Jones remains employed there. Defendant Jones is sued in her individual capacity.

8.      Defendant John or Jane Doe #1 is the individual responsible for implementation of the Prison Rape Elimination Act at MHYC. He or she is sued in his or her individual capacity.

2

9.    Defendant John or Jane Doe #2 is the Supervisor of Jamila Jones. He or she is sued in his or her individual capacity.

## FACTS

10.    In or around November 2024, Defendant Jones followed Plaintiff into a restroom at MHYC without Plaintiff's consent.

11.    Defendant Jones then reached into Plaintiff's pocket and touched his genitals through the interior of his pants, causing Plaintiff to flee from her.

12.    In addition to fearing that he would be subjected to unwanted sexual contact, Plaintiff was concerned that someone with authority at MHYC would discover what had happened, and that he would be punished for it.

13.    The following evening, Defendant Jones approached Plaintiff in his dorm room at MHYC and asked him to keep what had happened a secret.

14.    Over the next several weeks, Defendant Jones continued to exploit Plaintiff's age and court-ordered presence at MHYC, by grooming him for future sexual contact, including spending an inordinate amount of time speaking with him in his dorm room during the evening hours.

15.    Eventually, this escalated to the point where Defendant Jones brought Plaintiff into the Staff Office and continued to sexually harass him by kissing him and engaging in sexual intercourse with him.

16.    Over the course of the next several weeks, Defendant Jones continued to occasionally bring Plaintiff into the Staff Office, where the two would have sexual intercourse.

3

17. Defendants John or Jane Doe #1 and John or Jane Doe #2's failure to monitor and/or supervise Defendant Jones emboldened her to continue her abuse of Plaintiff and escalate it to additional forms of sexual contact occurring regularly.

18. These failures have caused Plaintiff to suffer severe mental and emotional distress.

19. The aforementioned conduct was severe, pervasive, unwanted, and motivated by Plaintiff's sex and/or gender.

20. All of Defendant's Jones' actions were performed under color of state law.

21. Upon information and belief, Defendants John Doe #1, and John Doe #2 knew or should have known that Defendant Lane was sexually assaulting Plaintiff and/or other inmates. It was their duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions. All of their actions were performed under color of state law.

## SECTION 1983 CLAIMS

### COUNT I - DEFENDANT JONES' SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT (VS. DEFENDANT JONES)

22. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 21 above as fully set forth herein.

23. Defendant Jones, at all relevant times, acted under color of state law.

24. The acts and conduct of Defendant Jones were calculated to and did deprive Plaintiff of his clearly established right to be free from cruel and unusual punishment in the form of bodily intrusion.

25. As a direct and proximate result of the acts and conduct of Defendant Jones,

4

Plaintiff suffered serious emotional distress.

26.     The acts and conduct of Defendant Jones were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

## COUNT II - THE FACILITATION BY DOES #1 AND #2 OF DEFENDANT JONES' SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT (VS. JOHN OR JANE DOE #1 AND JOHN OR JANE DOE #2)

27.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 26 above as fully set forth herein.

28.     At all relevant times, Does #1 and #2 were acting under color of state law.

29.     At all relevant times, Does #1 and #2 were performing governmental functions.

30.     Does #1 and #2 were responsible for the prevention of sexual violence against offenders in Missouri's juvenile detention center, and through their acts and omissions, facilitated the sexual abuse of Plaintiff.

31.     By their policies, practices, acts and omissions, Defendants Does #1 and #2 caused Plaintiff to be subjected to sexual assaults in violation of his rights under the Eighth Amendment.

32.     Upon information and belief, Defendants Does #1 and #2 were specifically aware of widespread allegations of sexual misconduct at facilities run by the Missouri Division of Youth Services.

33.     Upon information and belief, Defendants Does #1 and #2 were specifically

aware of allegations of sexual misconduct by Defendant Jones prior to and during her abuse of Plaintiff.

34.    Defendants Does #1 and #2 failed to employ obvious measures to reduce the risk of rape and sexual abuse of juveniles by youth workers.

35.    The pattern of sexual abuse by juvenile detention centers employees and the failure or refusal of Defendants Does #1 and #2 to operate, supervise, maintain and control their operations properly and to act to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

36.    The customs, policies, usages, practices, and procedures of Does #1 and #2 constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations that Plaintiff suffered as alleged herein.

37.    The customs, policies, usages, practices, and procedures of Does #1 and #2 were the moving force behind the constitutional violations that Plaintiff suffered as alleged herein.

38.    Does #1 and #2 failed to protect Plaintiff from known and dangerous harm.

39.    Does #1 and #2 knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene, mitigate, or stop the events.

40.    Due to Does #1 and #2's practices and policies, Plaintiff suffered and continues to suffer psychological and emotional injuries, pain, and suffering.

6

41.    Plaintiff hereby demands a trial by jury of all issues in this matter.

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for medical costs to be incurred, other compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**O'BRIEN LAW FIRM, PC**

BY: /s/ *Luke A. Baumstark*
Grant C. Boyd #67362
Luke A. Baumstark #56344
Joeseph T. Wilson #67917
135 W. Adams Ave, Suite 200
St. Louis, MO 63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com
lbaumstark@obrienlawfirm.com
jwilson@obrienlawfirm.com

7