IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, *by and through Next Friend* MOTHER DOE,<br><br>Plaintiff,<br>v.<br><br>JAMILA JONES,<br><br>JOHN OR JANE DOE #1,<br><br>and<br><br>JOHN OR JANE DOE #2,<br><br>Defendants. | Cause No.   2:26-CV-00647<br><br>Div.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO
PROCEED USING PSEUDONYM IN LIEU OF PLAINTIFF'S FULL NAME</u>**

COMES NOW Plaintiff, by and through his Next Friend and his undersigned

counsel, and for his Memorandum of Law In Support Of Motion For Leave To Proceed

Using Pseudonym In Lieu Of Plaintiff's Full Name states as follows:

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name

all parties." Fed. R. Civ. P. 10(a).  Rule 10(a) "generally requires parties to a lawsuit to

identify themselves in their respective pleadings." *Doe 6 v. St. Louis Charter Sch.*, 2019

WL 5863981, at *1 (E.D. Mo. Nov. 8, 2019).  Thus, "there is a 'strong presumption against

allowing parties to use a pseudonym.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3

(E.D. Mo. Apr. 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617

1

(E.D. Mo. 1999)).  "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." Id. (quoting *W.G.A.*, 184 F.R.D. at 617); see also *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts.").

However, Courts do permit litigants to proceed by pseudonym where the case involves "limited 'matters of a highly personal nature.'"  *W.G.A.*, 184 F.R.D. at 617 (quoting *Heather K. v. City of Mallard, Ia.,* 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)). The Eighth Circuit has held that "a party may proceed under a fictious name in those limited circumstances where the party's need for anonymity outweighs the counter-veiling interests in full disclosure." *Cajune v. Independent School District* 194, 105 F.4d 1070, 1077 (8th Cir. 2024). The *Cajune* court highlighted that "courts have allowed plaintiffs to use fictitious names to protect children and rape victims." *Id.* One of the factors to be considered is whether forcing "identification threatened to reveal information of a sensitive and highly personal nature". *Id.* District courts in the Eighth Circuit have identified several factors, including "whether the plaintiff would risk suffering injury if identified; and whether the party defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. April 2, 2019) (internal quotation marks omitted); see also *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (collecting cases).  Courts have also considered: "the extent to which the identity of the litigant has been kept confidential"; "whether, because of the purely legal

2

nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and "whether the interests of children are at stake." *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1046-47 (N.D. Iowa 1999).

The factors presented above weigh in favor of granting Plaintiff's Motion. Plaintiff is sexual abuse victim. The personal and sensitive nature of the allegation weighs in favor of protecting his identity.  Courts regularly permit survivors of sexual misconduct to proceed anonymously.  See, e.g., *Roe v. St. Louis Univ.*, 2009 WL 910738, at *2 (E.D. Mo. Apr. 2, 2009) (allowing a rape victim to proceed anonymously).  Further, there is no reason to believe that Defendants will be prejudiced by Plaintiff's Motion, as they are fully aware, and fully capable of making themselves aware through discovery or informal disclosures Plaintiff's identity.  Finally, there is no indication that Defendants will be unable to defend the claims made against them without using Plaintiff's name and/or name of his Next Friend.

Thus, Plaintiff respectfully requests this Court grant the Motion.

Respectfully Submitted,

**O'BRIEN LAW FIRM, PC**

BY: /S/ *Luke A. Baumstark*
Grant C. Boyd #67362
Luke A. Baumstark #56344
135 W. Adams Ave, Suite 200
St. Louis, MO 63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com
lbaumstark@obrienlawfirm.com
***Attorneys for Plaintiff***

3